IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al., :
    Plaintiffs :
:
vs. : CIVIL NO. 1:CV-10-1071
:
JONATHAN SNYDER, et al., :
    Defendants :

*M E M O R A N D U M*

The pro se plaintiff, Keith Dougherty, filed this 42 U.S.C. § 1983 action against North Hopewell Township and other defendants arising from a building permit authorizing improvements to a residential property. Plaintiff has filed three motions for a default under Fed. R. Civ. P. 55(a) against certain defendants: North Hopewell Township; Dustin Grove, Robert Barclay and William Tollinger, members of the Township's board of supervisors; Jonathan Snyder, the Township's building code official and zoning officer; and Kerrie Ebaugh, the Township's secretary treasurer.

We can enter a default under Rule 55(a) if a defendant has failed in a timely fashion to plead in response to a complaint, or otherwise defend against it. However, the defendant must first have been properly served with process. *See Thompson v. Mattleman, Greenberg, Shmerelson, Weinroth & Miller*, 1995 WL 321898, at *4 (E.D. Pa.) (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995)(a district court commits error as a matter of law if it enters a default judgment against a defendant who has never been served).

Plaintiff attempted service here in two ways. First, he himself personally delivered a copy of the complaint. For North Hopewell Township, Robert Barclay, Dustin

Grove, William Tollinger, and Jonathan Snyder, he delivered a copy to Ebaugh. Second, he mailed a copy of the complaint by certified mail. For Snyder, he mailed a copy to an individual Plaintiff asserts is Snyder's attorney. For Barclay, Grove and Tollinger, he mailed the complaint to their home addresses.

Neither method was proper service. Fed. R. Civ. P. 4 governs service in federal court. Rule 4(c)(2) allows service by anyone who is at least eighteen years old but prohibits service by a party to the action. And while Rule 4(e)(1) allows service under the rules of the state where the district court is located, Pennsylvania also does not allow service by a party. Under Pa. R. Civ. P. 400(a), service generally has to be accomplished by the sheriff. Under Rule 400(b)(1), when as here, a plaintiff seeks preliminary injunctive relief, service may be accomplished by a "competent adult," but Pa. R. Civ. P. 76 defines a "competent adult" to exclude "a party to the action."

Service by certified mail on the individual defendants was also improper because unless an individual defendant waives service under Rule 4(d)(3) and (4), service cannot be by mail. *See* Rule 4(e). Further, the service on Snyder was mailed to his lawyer, not to Snyder. For this type of lawsuit, Pennsylvania also does not allow service by mail upon individuals. *See* Pa. R. Civ. P. 402.[1] We add that Ebaugh does not appear to have been served under either method.

---

[1] Pennsylvania allows service by mail when the defendant is out of state. See Pa. R. Civ. P. 404(2).

We will therefore deny the motions for default. We note that under Fed. R. Civ. P. 4(m), Plaintiff has 120 days from the filing of the complaint to effect service so Plaintiff still has time to do so since the complaint was filed on May 19, 2010.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 30, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al., :
    Plaintiffs :
:
    vs. :   CIVIL NO. 1:CV-10-1071
:
JONATHAN SNYDER, et al., :
    Defendants :

*O R D E R*

AND NOW, this 30th day of June, 2010, it is ordered that Plaintiff's motions (doc. 20, 21 and 23) for default are denied.

        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge