IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al.,               :
    Plaintiffs                             :
                                               :
    vs.                                    :    CIVIL NO. 1:CV-10-1071
                                               :
JONATHAN SNYDER, et al.,               :
    Defendants                             :

*M E M O R A N D U M*

The pro se plaintiff, Keith Dougherty, has filed a motion for reconsideration of our order of June 30, 2010, denying his motions under Fed. R. Civ. P. 55(a) to enter default against certain defendants: North Hopewell Township, York County, Pennsylvania; members of the Township's board of supervisors, Dustin Grove, Robert Barclay and William Tollinger; the Township's building code official and zoning officer, Jonathan Snyder; and the Township's secretary treasurer, Kerrie Ebaugh.

Plaintiff has also filed a motion for a hearing on the default; a motion "to stay 'attorney' for the Township, et al. until a default judgment has been entered"; a petition for a writ of coram vobis or, in the alternative, allowance for an interlocutory appeal; and a second motion for allowance of an interlocutory appeal.[1]

---

[1] Plaintiff also filed a petition to add as defendants, Mary E. D'Andrea, the Clerk of Court for the Middle District, and Peter Welsh, the Deputy-in-Charge of the court's Harrisburg Division. However, in his second motion for allowance of an interlocutory appeal, Plaintiff has withdrawn that petition since he recognizes that the court, not members of the Clerk's Office, made the decision to deny default.

As we explained in our memorandum accompanying our order denying the motions for default, *Dougherty v. Snyder*, 2010 WL 2640182 (M.D. Pa. June 30, 2010), Plaintiff was not entitled to default because he had not properly served the defendants against whom he was seeking default. Plaintiff had attempted to make personal service himself (which a party cannot do) and had attempted to make service by certified mail.

In his motion for reconsideration, Plaintiff argues that service was proper for the following reasons. First, service was governed by Pa. R. App. P. 121(c), which governs the service of papers in a Pennsylvania appellate court, by virtue of Fed. R. Civ. P. 4(j)(2)(B). The latter federal rule grants the option of serving a federal complaint on a state or local governmental entity by using state service rules. Plaintiff believes Rule 121(c), which in part allows service by mail, applies because his federal suit is one under *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed.2d 611, 638 (1978), seeking, as he puts it, direct review of the actions of a governmental entity, and we are therefore acting in an appellate capacity. Second, three other defendants have not challenged service and between them have filed two motions to dismiss and if service was defective, these defendants would have challenged it. Third, the Pennsylvania Supreme Court ignores defects in service or in proof of service when a defendant has been given actual notice of the lawsuit, citing *McCreesh v. City of Philadelphia*, 585 Pa. 211, 888 A.2d 664 (2005), and *Commonwealth ex rel. McKinney v. McKinney*, 476 Pa. 1, 381 A.2d 453 (1977). Fourth, Plaintiff can also rely on a local rule of court for the York County Court of Common Pleas, YCCiv. 5200(b), which governs appeals to the common pleas court from determinations of certain government agencies. That local rule allows personal service of the appeal by the appellant or by certified or registered mail. Fifth, since this

is a proceeding in which he invokes his First Amendment right to petition the government for redress of grievances, Plaintiff has a constitutional right to make service personally and cannot be required to use another person to effect service.[2] Finally, in his second motion for allowance of an interlocutory appeal, Plaintiff argues he can rely on Pa. R. App. P. 1514(c), which permits service by personal service by the party or by certified mail of a petition for review against a government unit filed in a Pennsylvania appellate court.

In his motion "to stay attorney for the Township," Plaintiff asserts that the entry of a default under Rule 55 is a "purely 'ministerial function,'" (doc. 27, p. 10), one in which the Clerk of Court "must" enter the default upon the request of the plaintiff. In his motion (doc. 28) for a hearing on the default, Plaintiff argues that the next step in the procedure is for the plaintiff to file a motion for a default judgment. At that time, as the argument goes, the defaulting defendants can file a motion to set aside the default judgment, and any defect in service can be raised by them in that motion. Plaintiff concedes that at that point he has the burden of showing that service was valid, but complains that he was not given the benefit of this procedure. In his motion to add D'Andrea and Welsh as defendants, Plaintiff requests the following relief: (1) vacatur of the June 30, 2010, order denying default; and (2) entry of default as of June 24, 2010. In his motion "to stay attorney for the Township," he requests that the allegedly defaulting defendants be required to proceed as if the default had been entered on June 24. (Doc. 27, p. 10). In his motion for reconsideration, Plaintiff requests that we enter a declaratory judgment that the First Amendment requires that a plaintiff filing a

---

[2] In fact, Plaintiff points out that he seeks declaratory relief in Count V of his complaint on this constitutional claim.

complaint or appeal against the government be allowed to make service of process himself even if he is a party.

We begin with Plaintiff's position that when presented with a request for entry of default, the Clerk has no discretion to decide whether entry of default would be proper or not and simply must enter the default upon the request of the plaintiff, with any determination of the validity of the default coming only by way of a later motion by the defendant to vacate any default judgment that was entered in the wake of the default.

Rule 55(a) provides as follows:

**(a) Entering a Default.**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

This rule does say that the Clerk "must enter" the default, as Plaintiff points out, but it also requires that the party seeking default show "by affidavit or otherwise" that the defaulting party "failed to plead or to otherwise defend." A party who has not been properly served has no obligation to plead or otherwise defend, *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995), and entry of default would be improper against such a party. *Id.* It follows that the Clerk is not obligated under the rule to simply enter default upon a plaintiff's request. It is also why courts in addition to *Dahl*, have said that a default cannot be entered if there has not been proper service. *See Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, 2000 WL 1257040, at *5 (6th Cir. 2000) (unpublished disposition)[3]; *Taylor v. Woods*, No. 05-

---

[3] In *Sandoval*, the Sixth Circuit stated that it was proper for the court, rather than the Clerk, to consider the request for default in that case since service of process was at issue there. 2000 WL 1257040, at *5. The same procedure was followed in the instant case. Welsh referred Plaintiff's motions for default to the court because he

4

501, 2006 WL 3627880, at *1 (D.R.I. Oct. 23, 2006); *Maryland State Firemen's Assoc. v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). This includes *Thompson v. Mattleman, Greenberg, Shmerelson, Weinroth & Miller*, 1995 WL 321898, at *4 (E.D. Pa.), the case we cited in our June 30, 2010, memorandum.

In contrast, Plaintiff has cited no cases that have held that a clerk has no choice but to enter a default when requested by a plaintiff, even when the clerk is aware of apparent defects in service. Plaintiff cites *Quarles v. Lineberger*, 2002 WL 461684 (E.D. Pa.). In that case, the clerk had entered a default which the court vacated for defective service after the defendant filed a motion to set aside the default. No doubt a clerk will incorrectly enter a default from time to time, which was cured in *Quarles* by granting the defendant's motion to set it aside, but the case does not support Plaintiff's position, and the court in *Quarles* did not say that the correct procedure is for the clerk to enter a default, with the defendant's remedy coming only by way of a later motion.

We turn now to Plaintiff's argument that service was proper in any event. As noted, Plaintiff argues that service was proper under either a local rule of the York County Court of Common Pleas, YCCiv 5200(b), Pa. R. App. P. 121(c), or Pa. R. App. P. 1514(c). In pertinent part, a plaintiff is permitted by Fed. R. Civ. P. 4(e)(1) to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Under Rule 4(j)(2)(B), a plaintiff can serve a local government by serving a copy of the summons and complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

---

wanted guidance on the issue of the validity of Plaintiff's attempts at service, which did not appear to him to have been proper.

5

Plaintiff cannot rely on the York County local rule because both Rule 4(e)(1) and Rule 4(j)(2)(B) allow only the use of a state's law on serving process, not a local court's rule for doing so. Plaintiff cannot rely on Pennsylvania appellate rules 121(c) or 1514(c) either. First, as to the individual defendants, Rule 4(e)(1) requires use of a state law for service of process "in courts of general jurisdiction in the state," meaning trial courts, and Rule 121(c) deals only with service of documents in Pennsylvania appellate courts. Second, as to Hopewell Township, Rule 4(j)(2)(B) requires use of "that state's law for serving a summons or like process on such a defendant." Rule 121(c) does not deal with "serving a summons or like process." Instead, it deals with the filing of papers "required or permitted to be filed" in a Pennsylvania appellate court. Pa. R. App. P. 121(a). We recognize that Plaintiff considers the instant proceedings an appeal from the proceedings in York County Common Pleas and the Pennsylvania Commonwealth Court, but even if he were correct in this assertion, the controlling language from Rule 4(j)(2)(B) still limits him to reliance on the state law "for serving a summons or like process."

Plaintiff's reliance on Rule 1514(c) is also mistaken. Rule 4(j)(2)(B) allows a plaintiff to serve a local government "in the manner prescribed by that state's law for serving a summons or like process." Under Fed. R. Civ. P. 4(c)(1), a summons must be served along with the complaint when initiating a lawsuit in a federal district court, so the reference to a summons "or like process" under state law means the process for effecting service in a state trial court. Here, that would mean the process for effecting service in a Pennsylvania common pleas court, not in a Pennsylvania appellate court. Hence, appellate Rule 1514(c) does not apply. *Accord* Fed. R. Civ. P. 4(e)(1)(allowing use of state law for service of process "in courts of general jurisdiction in the state" for service on individual defendants).

Plaintiff also argues that service was proper because if it was not, it would have been raised by the defendants who filed the motions to dismiss, one motion by Pamela Lee, the Prothonotary of York County, and the other by Stephen Linebaugh, a Judge of the Court of Common Pleas, and J. Robert Chuck, a court administrator. This argument lacks merit. Proper service of process is an issue a defendant can waive, so the failure of these defendants to raise the issue means nothing. *See McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998)("Thus, if a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of service under Rule 12(b)(5), that objection is waived."). On the other hand, and what might have happened here, a defendant can "opt[ ] to await proper service before taking any action." *Norsyn, Inc. v Desai*, 351 F.3d 825, 827 (8th Cir. 2003).

Plaintiff next argues that the defendants received actual notice of the lawsuit and that actual notice is sufficient even if Plaintiff did not serve his complaint properly. We reject this argument. Assuming that there was actual notice here, such notice "'cannot by itself validate an otherwise defective service.'" *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996)(quoted case omitted); *Henry v. Cooper Univ. Hosp.*, No. 07-2402, 2008 WL 4371764, at *2 (D.N.J. Sept. 17, 2008).

Plaintiff cites *McCreesh v. City of Philadelphia*, 585 Pa. 211, 888 A.2d 664 (2005), and *Commonwealth ex rel. McKinney v. McKinney*, 476 Pa. 1, 381 A.2d 453 (1977), in support of this argument. Assuming for the sake of argument that we should look to these state-law cases, they are both distinguishable. *McCreesh* dealt with an aspect of Pennsylvania procedure absent from federal procedure, the right of a plaintiff to initiate a lawsuit in state court merely by filing a writ of summons and then continually reissuing the writ to maintain its validity. Against this procedural backdrop,

7

the state supreme court requires a good-faith effort to serve the writ so that the statute of limitations is not defeated by lack of notice to a defendant from a failure to serve it. It was in this context that the supreme court held in *McCreesh* that actual notice of the lawsuit to the defendant, even if by improper service, would defeat a limitations defense, as long as the defendant was not otherwise prejudiced. 585 Pa. at 227-28, 888 A.2d at 674. The validity of service of process was not an issue in that case. In contrast, in the instant case, we deal with whether Plaintiff properly effected service of process, not with whether his claims are time-barred. As for *McKinney*, valid service of process was not an issue there either. That case dealt instead with the failure to file a return of service, and the court decided that the "fact of service" (meaning that service had been properly made) established jurisdiction over the defendant, even if no return of service had been made. 476 Pa. at 6, 381 A.2d at 455.

Finally, Plaintiff argues that since this is a proceeding in which he invokes his First Amendment right to petition the government for redress of grievances, he has a constitutional right to make service personally and cannot be required to use another person to do so. Plaintiff cites no case law in support but relies on the "plain language" of the petition clause, which provides that "Congress shall make no law respecting . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend I. We reject this argument. There is nothing in the plain language of the Amendment that protects the right of a plaintiff to effect service by hand delivering a complaint to governmental defendants.

We turn now to Plaintiff's motion under 28 U.S.C. § 1292(b) to take an interlocutory appeal of our order of June 30, 2010, denying his motions to enter default. Under section 1292(b), we can certify the order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation . . ."

We will deny the motion. There is "no controlling question of law as to which there is substantial ground for difference of opinion." Further, an immediate appeal will not "materially advance the ultimate termination of the litigation" since all Plaintiff need do to get this case moving is to effect proper service of process.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 29, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al., :

    Plaintiffs :

:
vs.                      CIVIL NO. 1:CV-10-1071
:

JONATHAN SNYDER, et al., :

    Defendants :

*O R D E R*

AND NOW, this 29th day of July, 2010, it is ordered that:

    1. Plaintiff's petition (doc. 30) to supplement his documents is granted, but any request for reconsideration in that petition is denied.

    2. Plaintiff's motion (doc. 25) for reconsideration of our order of June 30, 2010; motion (doc. 27) "to stay 'attorney' for the Township, et al. until a default judgment has been entered"; and motion (doc. 28) for a hearing on the default, are denied.

    3. Plaintiff's petition (doc. 29) to add as defendants, Mary E. D'Andrea, the Clerk of Court, and Peter Welsh, the Deputy-in-Charge of the Court's Harrisburg Division, is dismissed based on Plaintiff's withdrawal of that petition.

    4. Plaintiff's petition (doc. 31) for a writ of coram vobis or, in the alternative, allowance for an interlocutory appeal, is denied.

    5. Plaintiff's motion (doc. 32) for leave to file an interlocutory appeal, styled as a motion to strike or withdraw joinder of Mary D'Andrea and Peter Welsh, is denied.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge