IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al.,          :
    Plaintiffs                :
                                   :
    vs.                       :    CIVIL NO. 1:CV-10-1071
                                   :
JONATHAN SNYDER, et al.,           :
    Defendants                :

*M E M O R A N D U M*

In this case, no attorney has entered an appearance for any plaintiff. On November 5, 2010, we dismissed as plaintiffs Docson Consulting LLC, Jean Brady, and Kenneth Brady. We dismissed Docson Consulting because an LLC cannot appear pro se. We dismissed Jean Brady and Kenneth Brady because they had not signed the complaint, which would have signaled that they were appearing pro se, and because the other pro se plaintiff, Keith Dougherty, as a layperson, could not represent them, although he could represent himself.

Plaintiff Dougherty has filed a motion for reconsideration of that order. We deal with his arguments as follows. For the purpose of this memorandum, familiarity with the case is presumed.

Plaintiff argues that neither Kenneth Brady nor Jean Brady can appear as plaintiffs because it would ruin the tax advantage of the contemplated 26 U.S.C. § 1031 transaction if they were to directly receive damages in this action as opposed to having it first filtered through Dougherty as the exchange accommodation title holder. His solution is to allow him to prosecute the claims. We disagree. First, Dougherty cites no authority for this proposition, relying instead simply on the elements and purpose of a section 1031

transaction. Second, we have decided in a separate order filed today that any remedy in this case will be by way of damages so there will not be an occasion for a section 1031 transaction.

Plaintiff argues that affidavits executed by Jean L. Brady and Kenneth Brady attached to the brief in support of the reconsideration motion satisfy the requirements of Fed. R. Civ. P. 11 and thereby makes them plaintiffs. We disagree. These affidavits are merely affidavits and merely affirm, in part, that "[a]ll representations in the complaint are true and correct to the best of my knowledge and belief." (Doc. 69, CM/ECF pp. 24 and 25). Conversely, Rule 11 requires a pro se plaintiff to sign the complaint. *See* Fed. R. Civ. P. 11(a)("Every pleading . . . must be signed by a party personally if the party is unrepresented"). Neither Jean L. Brady nor Kenneth Brady have signed the complaint.

Plaintiff also argues we should exercise our discretion to allow him to represent Jean L. Brady and Kenneth Brady. Since these individuals are not plaintiffs, we need not exercise our discretion to allow a layperson to represent a litigant. *See United States v. Wilhelm*, 570 F.2d 461, 466 (3d Cir. 1978).

Plaintiff also argues that he should be allowed to pursue the claims of Jean L. Brady and Kenneth Brady because he has equitable title to the residential property as a result of being designated the EAT for the section 1031 transaction in the agreement for the improvement of the real estate. By way of background, a "QEAA" is a qualified exchange accommodation arrangement, a way under federal tax law, 26 U.S.C. § 1031, to defer capital gains when business property is sold and the proceeds used to acquire another business property. Plaintiff Dougherty alleges he was contracted to be the "EAT," the exchange accommodation title holder, who would hold the property during the

2

time the necessary transactions took place. Plaintiff relies on *Bentley v. Ellam*, 764 F. Supp. 322, 326 (M.D. Pa. 1991)(Caldwell, J.).

We reject Plaintiff's position. *Bentley* is clearly distinguishable. In that case, the plaintiffs claimed a due process violation because they had not been informed of a state proceedings that led to approval of a hydroelectric plant on a stream co-owned by them with their neighbors. At the time of the proceedings, the plaintiffs had an executed agreement of sale to purchase the property but title had not yet passed. We decided that the agreement of sale gave the plaintiffs an equitable interest in the property sufficient for due process protection. In the instant case, on the other hand, plaintiff Dougherty has no executed agreement naming him the EAT, nor does he hold any title to the property; there is only an agreement that he would be the designated EAT if a QEAA were "necessary." Moreover, even if he had been given title as part of a section 1031 transaction, we conclude that a person who owns property solely to effectuate the tax advantages of a section 1031 transaction for the benefit of another has no standing to assert the other's civil rights claims involving the property.[1] In *Bentley*, the plaintiffs were not mere stakeholders for tax purposes but had an agreement of sale to own the land in fee simple.

Plaintiff also argues that Docson Consulting should be allowed to continue as a plaintiff pro se because he has elected to have the company treated as a sole proprietorship for federal income tax purposes[2] and because a sole proprietor is allowed to invoke his Fifth Amendment rights in connection with his business. Again, we disagree. Income tax considerations and Fifth Amendment privileges are irrelevant to an

---

[1] Plaintiff also cannot proceed on the theory he is pursuing a corporate-like derivative action.

[2] Dougherty is the sole member of the LLC.

3

LLC having standing as an entity separate from its member(s). Docson Consulting must have a lawyer if it is to be a plaintiff.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 21, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al., :
    Plaintiffs :
:
    vs. : CIVIL NO. 1:CV-10-1071
:
JONATHAN SNYDER, et al., :
    Defendants :

*O R D E R*

AND NOW, this 21st day of December, 2010, upon consideration of Plaintiff's motion (doc. 68) for reconsideration of our order of November 5, 2010, it is ordered that the motion is denied.

       /s/William W. Caldwell
       William W. Caldwell
       United States District Judge