IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al.,          :

       Plaintiffs          :

                :

       vs.          :          CIVIL NO. 1:CV-10-1071

                :

JONATHAN SNYDER, et al.,          :

       Defendants          :


*M E M O R A N D U M*


The pro se plaintiff, Keith Dougherty, filed this 42 U.S.C. § 1983 civil rights action arising from the issuance of a building permit for improvements to be made to a residence located in North Hopewell Township, York County, Pennsylvania. The improvements were begun but never completed because a stop-work order was issued. The action arises from Plaintiff's lack of success in obtaining approval from Township officials, or from state court judges in subsequent litigation, to resume the work.

We are considering Plaintiff's motion for an "expedited hearing," filed December 15, 2010, which requests that we rule on three issues presented by his motion for reconsideration of our order of November 5, 2010. The November 5 order dismissed Docson Consulting LLC, Jean Brady, and Kenneth Brady as plaintiffs in this action, leaving only Dougherty. In a separate order filed today dealing with the motion for reconsideration, we have disposed of those three issues.[1] We deal here with the other

_____

[1] The three issues are: (1) whether Keith Dougherty's potential status for federal income tax purposes under 26 U.S.C. § 1031 as an "EAT," an "exchange accommodation title holder," of the property after completion of the improvements entitled him to pursue the claims presented in the complaint belonging to Jean L. Brady and Kenneth Brady; (2) whether Dougherty's election to treat Docson Consulting LLC as a sole proprietorship for federal income tax purposes meant that Docson Consulting could appear in the action pro se, and (3) whether Jean L. Brady and Kenneth Brady did not have to appear as plaintiffs because they

relief requested in the instant motion, that we issue a preliminary injunction against the York County Court of Common Pleas in a partition action filed there by Melanie Brady against Jean L. Brady, the co-owners of the property. *Brady v. Brady*, No. 2008-SU-002692-07 (York Co.). The request for injunctive relief appears to have been prompted by the state court's indication that it "inten[ds] to dispose of real property owned by Keith Dougherty." (Doc. 77, Mot. to expedite, CM/ECF p. 1). We have decided that injunctive relief against the state court is not appropriate. Looking beyond the current motion, we have also decided that injunctive relief is not appropriate for any claim presented in connection with improvements to the residence.

The state-court action is the subject of a pending motion to amend the complaint in this action to add state-law claims for criminal conspiracy and tortuous interference with contract under our supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). The claims are against Melanie Brady; Darrel VanOrmer, her lawyer in the partition action; and Judge Joseph C. Adams, the York County judge handling the partition action. In addition to damages, and akin to the injunctive relief requested in the instant motion, the proposed amendment seeks an injunction prohibiting the state-court "from attempting to partition or enter any order other than dismissal of the underlying State claim." (Doc. 51, CM/ECF p. 5). The complaint also seeks injunctive relief that would require defendant North Hopewell Township in effect to honor the expired building permit and allow resumption of the construction of the improvements. (Compl. P. 26, extension of time for the building permit).

A preliminary injunction is not granted as a matter of right. *Spartacus, Inc. v. Borough of McKees Rocks*, 694 F.2d 947, 949 (3d Cir. 1982). It is instead "an

---

would otherwise lose the tax advantage of the section 1031 transaction if their claims were to be considered. We answered these questions in the negative.

extraordinary remedy." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(quoted case omitted).  Before an injunction can be granted, a plaintiff must make a showing of irreparable harm, among other requirements.  *See Stilp v. Contino*, 613 F.3d 405, 409 (3d Cir. 2010).  A violation of federal constitutional rights can sometimes be irreparable harm, as *Stilp* illustrates, but not always.  *See Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir. 1989)("Constitutional harm is not necessarily synonymous with the irreparable harm necessary for issuance of a preliminary injunction.").  If a plaintiff can be adequately compensated by money damages after the fact, he has not suffered irreparable harm, and an injunction should not issue.  *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000).

The complaint makes claims for violations of the following federal constitutional rights: procedural due process, substantive due process, equal protection, and just compensation for the taking of property.  In this case, any injuries suffered to these rights are compensable in money damages.  This is so because all of these claims arise from a contractual agreement between Docson Consulting LLC and Jean L. Brady to improve the residence, and then sell it and divide the profits.  Thus any injuries suffered by any plaintiff, or proposed plaintiff, can be remedied by money damages, represented by uncompensated costs incurred or profits lost.  It follows that the injunctive relief sought in the current motion against the state court prohibiting it from further ruling in the partition action is inappropriate as there is no irreparable injury to Plaintiff, or any potential plaintiff.

It also follows from this analysis that we cannot grant the injunctive relief requested against the state court in the proposed amendment to the complaint, even if the amendment were allowed.  Nor can we grant other injunctive relief sought, specifically, requiring defendant North Hopewell Township to honor the expired building

permit and allow construction of the improvements to resume. Our conclusion that money damages is adequate applies to this potential injunctive relief as well, whether considered as preliminary or some form of final relief. *See Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 185 n.5 (3d Cir. 2006).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 21, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al.,          :

        Plaintiffs          :

                    :

        vs.          :          CIVIL NO. 1:CV-10-1071

                    :

JONATHAN SNYDER, et al.,          :

        Defendants          :

*O R D E R*

AND NOW, this 21st day of December, 2010, it is ordered that:

1.  Plaintiff's motion (doc. 77) for an expedited hearing and for injunctive relief against the state court in *Brady v. Brady*, No. 2008-SU-002692-07 (York Co.) is denied.

2.  Any other request for injunctive relief requiring defendant North Hopewell Township to honor the expired building permit or allow construction of the improvements to resume is denied.

                        /s/William W. Caldwell
                       William W. Caldwell
                       United States District Judge