IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al., :
    Plaintiffs :
:
vs. : CIVIL NO. 1:CV-10-1071
:
JONATHAN SNYDER, et al., :
:
    Defendants :

FILED
HARRISBURG, PA
JAN 25 2011
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The pro se plaintiff, Keith Dougherty, has filed two motions (doc. 79 and 88) under 28 U.S.C. § 455(a) requesting that we recuse ourselves.[1] Document 88 also requests that we strike the motions to dismiss of defendant Snyder and of the North Hopewell Township supervisors for failing to comply with Local Rule 7.1.[2]

In pertinent part, in document 79, Plaintiff argues we have shown bias in the following ways. In our ruling of June 30, 2010, denying Plaintiff's requests for default, we supposedly violated Fed. R. Civ. P. 12(d) by not allowing Plaintiff to oppose our ruling before denying default.[3] In our ruling of November 5, 2010, dismissing Docson

---

[1] Documents 79 and 88 are both described on the docket as "motion[s] to expedite."

[2] Local Rule 7.1 requires a motion to contain a certificate of concurrence or nonconcurrence in the motion by the other parties in the action.

[3] Rule 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Consulting, Jean Brady, and Kenneth Brady as plaintiffs, we gave these plaintiffs no opportunity to correct any deficiency.[4] In contrast to our rulings against Plaintiff, the court has supposedly treated the defendants favorably, by for example, not striking the motions to dismiss of defendant Snyder and the North Hopewell Township supervisors for failing to comply with Local Rule 7.1. The court has also supposedly treated the Clerk of Court's office more favorably by making a prompt ruling on Plaintiff's requests for default.

In pertinent part, in document 88, Plaintiff Dougherty argues we have shown bias in the following ways. Our rulings so far are improperly intended to reduce the amount of damages recoverable or the claims in the action. Our December 21, 2010, order was improper because it only partially ruled on Plaintiff's motion of August 21, 2010, to amend the complaint (by ruling out injunctive relief) when we supposedly had no discretion not to rule on the entire motion. As in document 79 above, Plaintiff asserts we improperly denied his attempt at default without giving him an opportunity to say why default was proper and failed to give the dismissed plaintiffs a chance to remain in the action. In violation of Fed. R. Civ. P. 12(b)(6), the court is allegedly refusing to accept Plaintiff's allegations as true and failed to put Plaintiff on notice that he had to produce fully executed documents (which he has in his possession) that would disprove "all previous assertions by this court . . . ." (Doc. 89, CM/ECF p. 20).

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test for recusal under § 455(a) is an objective one. *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004); *Massachusetts School of Law at Andover, Inc. v.*

---

[4] Docson Consulting had not appeared by counsel, and Jean Brady and Kenneth Brady had not signed the complaint.

2

*American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). The test is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re: Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The party seeking recusal "need not show actual bias" because section 455(a) is concerned with "the public's confidence in the judiciary" as well as "fairness to individual litigants." *Id.* at 302 (quoted case omitted).

> As a general rule:
>
> 'beliefs or opinions which merit recusal must involve an extrajudicial factor.' *Antar*, 53 F.3d at 574. '[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.' *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

*Selkridge, supra,* 360 F.3d at 167.

Under this standard, we need not recuse ourselves for the reasons advanced. First, Plaintiff points to no extrajudicial factors that might have influenced us. Second, the bases for our recusal presented in the documents are insufficient. In ruling on a request for default, Rule 12(d) simply does not come into play. Instead, the docket is examined for a valid service of process and whether a defendant failed to either plead or otherwise respond to the complaint. Next, even though we did not provide an opportunity for Docson Consulting to obtain counsel or Jean Brady and Kenneth Brady to sign the complaint, a motion for reconsideration was available for those parties if they wished to remain in the case.[5] As for the failure of the dismissal motions of defendant Snyder and the Township supervisors to have certificates of concurrence or

---

[5] We had no address for Jean Brady or Kenneth Brady so we could not give them notice in any event.

nonconcurrence, this requirement of the local rules is meant to allow quick disposition of motions if there is concurrence. Since Plaintiff obviously opposes these motions, no purpose would be served by striking them.[6] There is no equivalence between the local rule and the issues we dealt with in applying well established rules on default or who can be proper plaintiffs, and no bias is shown by our different handling of these matters. Finally, Plaintiff's Rule 12(b)(6) argument fails because he mistakenly believes we have to accept his factual and legal conclusions. We do not. We must only accept well pleaded facts. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d. 929 (2007).[7]

Accordingly, this 25th day of January, 2011, it is ordered that:

1. Plaintiff Dougherty's motions (doc. 79 and 88) for recusal are denied.

2. Plaintiff Dougherty's motion (doc. 88) to strike the motion (doc. 44) to dismiss of defendant Snyder and the motion (doc. 47) to dismiss of the North Hopewell Township supervisors for the defendants' failure to comply with Local Rule 7.1 is denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

[6] For this reason, we will deny Plaintiff's motion to strike these motions.

[7] We consider the other matters mentioned as also not leading a reasonable person to conclude we were biased.