IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al.,

    Plaintiffs

vs.

CIVIL NO. 1:CV-10-1071

JONATHAN SNYDER, et al.,

    Defendants

FILED
HARRISBURG, PA

JAN 2 5 2011

ORDER

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are considering the pro se plaintiff, Keith Dougherty's, motion for judgment on the pleadings, seeking partial summary judgment on liability against defendant Snyder and the North Hopewell Township defendants: North Hopewell Township; Dustin Grove, William Bollinger, and Robert Barclay, the members of the Township Board of Supervisors; and Kerrie Ebaugh, the Township Secretary/Treasurer. The motion also requests leave to amend the complaint to add a claim VIII. In this claim, Plaintiff seeks an injunction against Michael G. Gensemer, the chief of the U.C.C.[1] Inspection Division in the Pennsylvania Department of Labor and Industry,[2] that would prohibit "further enforcement" of the Pennsylvania Construction Code Act ("PCCA"). 35 Pa. Stat. Ann. § 7210.101-7210.1103 (West 2003). Plaintiff asserts that the portions of the act relating to one- and two-family homes, which he does not specify, violate due

---

[1] Uniform Construction Code.

[2] Gensemer does not appear to be the chief any longer. See doc. 104 (substituting Ron Englar for Gensemer).

process because they are too vague to enforce. He also invokes our supplemental jurisdiction over state-law claims. 28 U.S.C. § 1367(a). He requests that we "permanently enjoin Gensemer from any further enforcement related to the PCCA as written." (Doc. 54, CM/ECF p. 4).

We will deny the motion for judgment on the pleadings. First, as noted by defendant Snyder, although Plaintiff filed the summary judgment motion (doc. 3) on May 21, 2010, just two days after suit was started, Plaintiff failed to serve his complaint on these defendants until much later. After service, Snyder filed a motion to dismiss on August 5, 2010, and the North Hopewell Township defendants filed one on August 18, 2010. We should adhere to the correct procedural order and decide whether the complaint is valid before resolving a summary judgment motion.

We turn now to the proposed amendment. We examine the proposed amendment under our inherent authority to dismiss a complaint sua sponte under Fed. R. Civ. P. 12(b)(6) "where the inadequacy of the complaint is clear." *Slater v. Skyhawk Transp., Inc.*, 187 F.R.D. 185, 202 (D.N.J. 1999) (footnote omitted)(quoted case omitted)(collecting cases); *see also Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980).

In doing so, we will deny the motion to amend for the following reasons. First, Plaintiff lacks standing to pursue the requested relief. In regard to standing, federal courts only have jurisdiction to adjudicate "cases" and "controversies." *Lozano v. City of Hazleton*, 620 F.3d 170, 183 (3d Cir. 2010)(citing U.S. Const. Art. III, § 2). "The judicial power . . . is therefore not 'an unconditioned authority to determine the constitutionality of legislative or executive acts.'" *Id.* (quoted case omitted). Rather, "the rights of individuals" must be involved. *Id.* (internal quotation marks and quoted case omitted). A plaintiff satisfies this requirement by showing, in part, that he "suffered an injury in fact -

2

an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992))(omitting *Lujan*'s internal citations and quotation marks).[3]

Plaintiff lacks standing to challenge the statutory provisions because he does not allege he suffered any actual or imminent injury from Gensemer's conduct. Plaintiff alleges that Gensemer refused Plaintiff's request that he investigate North Hopewell Township concerning the Township's handling of Plaintiff's request for the building-permit extension. Gensemer refused even though he supposedly had a duty to do so imposed by the PCCA. Additionally, in justifying his refusal, Gensemer added the word "only" to the pertinent statutory language.

There is no injury to Dougherty apparent from these averments. He was not the owner of the property in question, and even if he was, the past injury allegedly inflicted by the Township's handing of the extension request is not enough for prospective injunctive relief, and Plaintiff does not allege any threat of being subject to a Township hearing involving a building-permit dispute. *See Davis v. Thornburgh*, 903 F.2d 212, 220-21 (3d Cir. 1990) (plaintiff lacked standing to challenge procedures under the Pennsylvania Adoption Act when she was not challenging termination of her parental rights so that "she had nothing to gain . . . by establishing that the procedures she [was] challeng[ing] were invalid"); *Mosby v. Ligon*, 418 F.3d 927, 933 (8th Cir. 2005)(the plaintiff lawyer lacked standing to make a facial constitutional challenge to bar disciplinary rules when the record did not show any threat of future disciplinary

---

[3] The other requirements are "a causal connection between the injury and the conduct complained of" and that "the injury will be redressed by a favorable decision." *Lozano*, 620 F.3d at 183.

proceedings, and plaintiff's challenge to her past disciplinary proceeding was barred by the *Rooker-Feldman* doctrine).

Additionally, even if Plaintiff had standing, he would not be entitled to the requested relief. We have to consider whether a permanent injunction would be "an appropriate remedy." See *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 185 n.5 (3d Cir. 2006). Plaintiff's claim is based on how Gensemer interpreted the statute, and that is not an appropriate basis for a permanent injunction barring Pennsylvania's enforcement of the PCCA, especially since Gensemer's counsel represents that Gensemer has been replaced in his position by Ron Englar.

Accordingly, this 25th day of January, 2011, it is ordered that:

1. Plaintiff's motion (doc. 54) for judgment on the pleadings is denied.

2. Plaintiff's motion (doc. 54) to amend the complaint to add a claim VIII against Michael Gensemer is denied.

3. Plaintiff's motion (doc. 59) to expedite to add Michael Gensemer is denied.

4. Defendant Snyder's motion (doc. 61) to dismiss Plaintiff's motion (doc. 59) to expedite is dismissed as moot.

/s/William W. Caldwell
William W. Caldwell
United States District Judge