IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al., :
    Plaintiffs :
:
vs. : CIVIL NO. 1:CV-10-1071
:
JONATHAN SNYDER, et al., :
    Defendants :

*ORDER*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are dealing with motions to dismiss or strike a second complaint (doc. 84) filed in this case by the pro se plaintiff, Keith Dougherty Insurance and Consulting, a sole proprietorship.[1] It differs from the original complaint by deleting Docson Consulting and Keith Dougherty as plaintiffs; adding Count VII against defendant Jonathan Snyder as well as new defendants Melanie Brady and Darrel VanOrmer and; and adding Count VIII against Michael Gensemer. The Joinder Complaint also attempts to reinstate as plaintiffs Jean Brady and Kenneth Brady by the use of their typewritten "signatures."[2]

We are considering three motions to dismiss and two motions to strike the Joinder Complaint. The defendants share a common argument: Plaintiff had to first seek leave of court by filing a motion to amend his original complaint. They rely on Fed. R. Civ. P. 15(a).

---

    [1] It has been docketed as a "Joinder Complaint."

    [2] By memorandum and order of November 5, 2010, (doc. 67) we dismissed these plaintiffs because they had not signed the complaint.

That rule provides as follows:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Plaintiff filed his original complaint on May 19, 2010. Defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). As pertinent here, Rule 15(a)(1)(B) would have granted Plaintiff the right to file amended complaint within twenty-one days of service of the last motion to dismiss, which would have been on or about August 18, 2010, when the North Hopewell Township defendants filed their motion. Rule 15(a)(2) thus came into play, requiring Plaintiff to obtain the written consent of the other parties or leave of court. Plaintiff did not fulfill either of these requirements. The Joinder Complaint must therefore be dismissed.[3]

Plaintiff has argued to the contrary, in pertinent part, asserting that 42 U.S.C. § 1983 plaintiffs do not need to file a motion for leave to amend and that the opposing parties must argue undue delay, bad faith on the plaintiffs' part, or prejudice. We disagree. Plaintiff must first file a motion (or obtain leave of the other parties). It therefore follows that this is not a minor procedural defect that can be forgiven a pro se

---

[3] Plaintiff also seems to argue that he is entitled to file an amended complaint because the court violated the rules of procedure in its previous rulings. The contention that we violated the rules is not accurate.

2

litigant nor is it the equivalent of not attaching a certificate of concurrence or nonconcurrence to a motion.

In his opposition to the motion to dismiss of Ron Englar, successor to Michael Gensemer, Plaintiff asserts that two complaints may stand in the same action. He is mistaken. A plaintiff may move to amend his complaint, but there is no right, at least without leave of court, to have two complaints in one action. Any amended complaint would generally be required to take the place of the previous pleading and include all claims by all plaintiffs against all defendants.

Accordingly, this 25th day of January, 2011, it is ordered that:

    1. The motions (doc. 92, 94 and 105) to dismiss the Joinder Complaint and the motions (doc. 96 and 98) to strike the Joinder Complaint are granted.

    2. The Joinder Complaint is hereby dismissed.

    3. The motions (doc. 111 and 112) of Darrel VanOrmer and Melanie Brady to dismiss the Joinder Complaint will be considered in connection with Plaintiff's motion (doc. 51) to add them as defendants.

                                                /s/William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge