IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al., :
    Plaintiffs :
:
vs. : CIVIL NO. 1:CV-10-1071
:
JONATHAN SNYDER, et al., :
    Defendants :

*ORDER*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The pro se plaintiff, Keith Dougherty, has filed a motion (doc. 83) for reconsideration of two orders we entered on December 21, 2010. By memorandum and order of December 21, 2010, (doc. 80) we denied Plaintiff's motion for reconsideration of our order of November 5, 2010 (doc. 67). The November 5 order dismissed Docson Consulting as a plaintiff because it had not appeared by counsel and also dismissed two individuals as plaintiffs, Jean Brady and Kenneth Brady, because they had not signed the complaint. In the other December 21 order (doc. 82), we denied the motion (doc. 60) to expedite the motion (doc. 51) to amend the complaint to add a Count VII against new defendants, Melanie Brady, Darrel VanOrmer, Jr., and Judge Joseph C. Adams on state law claims of conspiracy to commit breach of contract and tortuous interference with contract.

In seeking reconsideration of document 80, Plaintiff seeks to establish his right as the EAT to pursue the federal civil-rights claims of Jean Brady and Kenneth

Brady, or to pursue them in his own right.[1] He contends, in pertinent part, as follows. First, we violated Fed. R. Civ. P. 12(b)(6) by refusing to accept his characterization of the realty improvement investment agreement as a sales agreement. Second, Plaintiff submits an addendum to the investment agreement stating that he "serv[es] as Exchange Accommodation Title Holder," specifying that proceeds from the sale of the residence for the purpose of the section 1031 transaction would be payable to his sole proprietorship, Keith Dougherty Insurance and Consulting, and providing that "Keith Dougherty retains exclusive authority as to design and control of any and all billings to the . . . project with the requirement of all contracts being at market rates and performed by persons of Keith Dougherty's exclusive election." (Doc. 84-2, CM/ECF p. 2). Based on the foregoing, Dougherty contends he has the right to use the residence "for his own purposes," (Doc. 82, CM/ECF p. 10), and therefore he can assert the civil-rights claims.

We disagree. To begin with, we did not violate Rule 12(b)(6). Under that Rule, we need not accept the factual conclusion that the agreement was a sales agreement. We must only accept well pleaded facts. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d. 929 (2007).[2] Second, it is true that our December 21 memorandum concluded Dougherty could not pursue the claims of Jean L. Brady and Kenneth Brady because he had "no executed agreement naming him the EAT," (doc. 80, CM/ECF p. 3), and the addendum appears to meet that objection, but we went on to note that Dougherty also held no title to the property, even as an EAT, so that point remains. Third, Dougherty's alleged control over

---

[1] In the December 21 memorandum, we decided that the contractual provision designating him as the EAT if a QEAA were necessary, did not allow him to pursue the federal claims of Jean L. Brady or Kenneth Brady.

[2] In any event, the characterization is immaterial to the standing issue.

the improvement project does not give him an interest in the property to assert the civil-rights claims.

As to Plaintiff's motion to reconsider the other December 21 order (doc. 82), the order denying the motion (doc. 60) to expedite the motion (doc. 51) to amend the complaint to add a Count VII against new defendants, we have in another order decided that the latter motion would be handled procedurally by considering the motions (doc. 111 and 112) to dismiss the Joinder Complaint (doc. 84) filed by Melanie Brady and Darrel VanOrmer in connection with that motion (doc. 51), so the motion to reconsider doc. 82 is moot.

Accordingly, this 25th day of January, 2011, it is ordered that:

    1. Plaintiff, Keith Dougherty's, motion (doc. 83) for reconsideration of the order of December 21, 2010 (doc. 80) is denied.

    2. Plaintiff, Keith Dougherty's, motion (doc. 83) for reconsideration of the order of December 21, 2010 (doc. 82) is dismissed as moot.

/s/William W. Caldwell
William W. Caldwell
United States District Judge