IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al., :
    Plaintiffs :
     :
vs. : CIVIL NO. 1:CV-10-1071
     :
JONATHAN SNYDER, et al., :
    Defendants :

*M E M O R A N D U M*

We are considering the pro se plaintiff, Keith Dougherty's, motion under 28 U.S.C. § 1292(b) to take an interlocutory appeal of our orders of January 25, 2011, docketed at doc. nos. 113, 114, 117 and 118. The main order is no. 118, which granted all of the defendants' motions to dismiss and allowed Plaintiff leave to amend his complaint. In doing so, we decided that Plaintiff did not have standing to pursue the federal claims. Plaintiff wishes to certify for interlocutory appeal whether he does have standing to pursue those claims as well as the issues presented by nos. 113, 114 and 117.[1]

Under section 1292(b), we can certify an order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation . . ."

---

[1] In no. 113, we denied Plaintiff's motion that we recuse ourselves. In no. 114, we refused to allow Plaintiff to add as a party the chief of the U.C.C. Inspection Division of the Pennsylvania Department of Labor and Industry on a claim seeking to prohibit "further enforcement" of the Pennsylvania Construction Code Act ("PCCA"). 35 Pa. Stat. Ann. § 7210.101-7210.1103 (West 2003). In no. 117, we denied a motion for a preliminary injunction against enforcement of the PCCA.

We will deny the motion. There is "no controlling question of law as to which there is substantial ground for difference of opinion," as our January 25, 2011, memorandum and background orders make clear. Further, an immediate appeal will not "materially advance the ultimate termination of the litigation." Plaintiff has filed an amended complaint (doc. 124), which adds new parties. The addition of new parties may resolve the standing issue, or render it irrelevant. Defendants have also filed motions to dismiss the amended complaint, which are in the process of being briefed. Those motions may be dispositive of the action. If so, Plaintiff will have a final order from which he can appeal.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 18, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al., :
    Plaintiffs :
:
vs.                        CIVIL NO. 1:CV-10-1071
:
JONATHAN SNYDER, et al., :
    Defendants :

*O R D E R*

AND NOW, this 18th day of March, 2011, it is ordered that Plaintiff's motion (doc. 122) under 28 U.S.C. § 1292(b) to take an interlocutory appeal of our orders of January 25, 2011, docketed at doc. nos. 113, 114, 117 and 118 is denied.

                                             /s/William W. Caldwell
                                             William W. Caldwell
                                             United States District Judge