IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY, et al.,                :

    Plaintiffs                :

                                 :

    vs.                :         CIVIL NO. 1:CV-10-1071

                                 :

JONATHAN SNYDER, et al.,                :

    Defendants                :

*M E M O R A N D U M*

        The pro se plaintiff, Keith Dougherty, has filed a motion to reopen this action. The suit arose from the issuance of a building permit for improvements to be made to a residence located in North Hopewell Township, York County, Pennsylvania, with the anticipation of selling the house at a profit. The improvements were begun but never completed. In the complaint, Dougherty traced the situation to the actions of the Township and its agents as he invoked rights under the Pennsylvania Construction Code Act ("PCCA"), 35 Pa. Stat. Ann. § 7210.101-7210.1103, in an attempt to get construction of the improvements back on track. He also complained about rulings made by the state courts in actions he filed, in part, to remedy the alleged violations of the PCCA on the part of the Township and its agents. Federal constitutional claims were made for violations of procedural due process, substantive due process, equal protection, and the takings clause of the Fifth Amendment. The complaint also mentioned the Pennsylvania Constitution and Pennsylvania common law.

        The defendants filed motions to dismiss. On January 25, 2011, we granted those motions but allowed Dougherty leave to amend. *Dougherty v. Snyder*, 2011 WL 292236 (M.D. Pa.). On February 15, 2011, Dougherty filed an amended

complaint. On May 16, 2011, we granted Defendants' motions to dismiss the amended complaint and closed the case. *Dougherty v. Snyder*, 2011 WL 1871226 (M.D. Pa.). Among other rulings, we decided that Dougherty had no standing to pursue the federal claims since his only connection to the case was his status as the sole member of Docson Consulting LLC, which had contracted to make the improvements. 2011 WL 1871226, at *10. We had previously dismissed Docson Consulting LLC as a plaintiff because it was not represented by counsel. (Doc. 67, order of Nov. 5, 2010). We rejected the idea that Dougherty, who is not lawyer, could represent Docson Consulting. (*Id.*, ECF p. 2).

Dougherty appealed. The Third Circuit affirmed our dismissal of the action. *Dougherty v. Snyder*, 469 F. App'x 71 (3d Cir. 2012)(nonprecedential). In doing so, it rejected Dougherty's argument that he could represent Docson Consulting, ruling that the company had to be represented by an attorney, even if it was just a one-member LLC. *Id.* at 72. Dougherty then sought mandamus relief in the Third Circuit, which was denied. *In re Dougherty*, 563 F. App'x 96 (3d Cir. 2014)(nonprecedential). On October 20, 2014, the Supreme Court denied a petition for a writ of certiorari on the direct appeal, No. 14-5834 (U.S. Oct. 20, 2014), and also one on the mandamus case in the Third Circuit. No. 14-5835 (U.S. Oct. 20, 2014). The pending motion to reopen was filed on October 29, 2014.

Two of the defendants have opposed the motion to reopen, North Hopewell Township and Jonathan Snyder, the Township's Building Construction Officer at the relevant time.

The court will deny the motion. Dougherty has presented us with no authority under which we could reopen the case. He mentions in his reply briefs, for the first time, Fed. R. Civ. P. 60(b)(3), Rule 60(b)(6) and Rule 60(d) but does not

develop in any way a legal argument based on these rules that would allow us to reopen the case. Further, we do not, in any event, consider arguments made for the first time in a reply brief.

Nonetheless, we make the following observations about two assertions Dougherty made in his motion. Dougherty contends that the Supreme Court's decision in *Burwell v. Hobby Lobby Stores, Inc.*, ___ U.S. ___, 134 S.Ct. 2751, 189 L.Ed.2d 675 (2014), renders erroneous the Third Circuit ruling that Docson Consulting LLC had to be represented by counsel. Dougherty is mistaken. In *Hobby Lobby*, the Supreme Court ruled that a closely held corporation could invoke the protection of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, et seq. ___ U.S. at ___, 134 S.Ct. at 2775. *Hobby Lobby* said nothing about the requirement that a limited liability company be represented by counsel in a lawsuit.

Dougherty also contends that he "is now 'the lawful assignee' of 'Docson Consulting LLC' who ceased operations as of 12/31/2011." (Doc. 216, ECF p. 4). Dougherty implies that this should solve the problem of Docson Consulting's representation because he can proceed pro se. The difficulty is that Dougherty litigated this case on the basis that he could represent Docson Consulting so there is no apparent reason why this case should be reopened because Dougherty "is now" the assignee of Docson Consulting.

Citing among other cases, *Abdul-Akbar v. Watson*, 901 F.2d 329 (3d Cir. 1990), Defendants Snyder and North Hopewell Township have cross-moved for an injunction that would prohibit Dougherty "in his own name, or by or through any other person or entity . . . from filing any further litigation, lawsuits, or legal filings in this matter or in any other legal proceedings . . . without prior approval of the Court." (Doc. 218-2, ECF p. 1, Snyder's draft order). Snyder seeks such an injunction only for filings

against himself. North Hopewell Township seeks the injunction for all the defendants. The basis for such injunctive relief is Dougherty's history of making frivolous filings. *See*, *e.g.*, *In re Dougherty*, *supra*, 563 F. App'x at 97, 98 (describing Dougherty as "a frequent and frequently vexatious litigator in" the Third Circuit and raising the possibility of an injunction against his filing of documents in that court without prior leave).

We decline to issue an injunction at this time. We will, however, relieve any of the defendants of any obligation to respond to any future filings by Dougherty in this action unless ordered to do so by the court.

We will issue an appropriate order.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 8, 2015